Case 1:19-tp-20053-DPG   Document 1   Entered on FLSD Docket 08/19/2019   Page 1 of 39
Case 3:16-cr-00163-HES-MCR   Document 67 (Court only)   Filed 07/24/19   Page 1 of 1
PageID 284

| PROB 22<br>(Rev. 2/88)   **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Tran. Court)*<br>3:16-cr-163-J-20MCR | |
| --- | --- | --- | --- |
| | | DOCKET NUMBER *(Rec. Court)*<br>**19-20053-TP-GAYLES** | |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE<br><br>Ralph August Lohier | DISTRICT<br><br>Middle District of Florida | DIVISION<br><br>Jacksonville | |
| | NAME OF SENTENCING JUDGE<br><br>The Honorable Harvey E. Schlesinger | | |
| | DATES OF<br>PROBATION/SUPERVISED<br>RELEASE: | FROM<br>04/25/2019 | TO<br>04/24/2021 |
| OFFENSES<br><br>Conspiracy to Commit Wire Fraud and Aggravated Identity Theft | | **FILED BY** ___ **YR** ___ **D.C.**<br><br>*Aug 19, 2019*<br><br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - Miami | |
| **PART 1 - ORDER TRANSFERRING JURISDICTION** | | | |

UNITED STATES DISTRICT COURT FOR THE _Middle_ DISTRICT OF _Florida_

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the _Southern District of Florida_ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_July 23, 2019_
_____
Date

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.*

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _Southern_ DISTRICT OF _Florida_

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_August 7, 2019_
_____
*Effective Date*

_____
*United States District Judge*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v

**RALPH AUGUST LOHIER**

**Case Number: 3:16-cr-163-J-20MCR**

**USM Number: 67904-018**

**James Kerr Crain Glober, CJA**
**2119 Riverside Ave**
**Jacksonville, FL 32204**

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Two of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | March 2016 | One |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | March 2016 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count Three of the Indictment is dismissed pursuant to the Plea Agreement and on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

April 19, 2017

HARVEY E. SCHLESINGER
SENIOR UNITED STATES DISTRICT JUDGE

April ___1 9___, 2017

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Raiph August Lohier
3:16-cr-163-J-20MCR

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY TWO (42) MONTHS, this term consists of terms of EIGHTEEN (18) MONTHS as to Count One and a term of TWENTY FOUR (24) MONTHS as to Count Two, to run consecutively.**

The Court recommends to the Bureau of Prisons:

> FCI Miami
> Vocational Training Program
> Residential Drug Abuse Program - RDAP

The defendant is remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Ralph August Lohler
3:16-cr-163-J-20MCR

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **TWO (2) YEARS, this term consists of a TWO (2) YEAR term as to Count One and a ONE (1) YEAR term as to Count Two, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4.  You must cooperate in the collection of DNA as directed by the probation officer.


The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

Case 1:19-tp-20053-DPG   Document 1   Entered on FLSD Docket 08/19/2019   Page 5 of 39
Case 3:16-cr-00163-HES-MCR   Document 63   Filed 04/20/17   Page 4 of 6 PageID 244

Page 4 of 6

Ralph August Lohler
3:16-cr-163-J-20MCR

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Case 1:19-tp-20053-DPG   Document 1   Entered on FLSD Docket 08/19/2019   Page 6 of 39
Case 3:16-cr-00163-HES-MCR   Document 63   Filed 04/20/17   Page 5 of 6 PageID 245
Page 5 of 6

Ralph August Lohier
3:16-cr-163-J-20MCR

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.   Defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive.  Further, defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.  During and upon the completion of this program, defendant is directed to submit to random drug testing.

2.   Defendant shall provide the probation officer access to any requested financial information.

3.   Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | JVTA Assessment [1] | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $200.00 | $0.00 | WAIVED | $2,854.18 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss** | Restitution Ordered | Priority of percentage |
|---|---|---|---|
| Synchrony Bank<br>Attention: Fraud Department<br>PO Box 105969<br>Atlanta, GA 30353-5969 | $2,854.18 | $2,854.18 | |

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$200.00** is due in full and immediately.

**The defendant shall pay restitution in the amount of $2,854.18 to Synchrony Bank, Attention: Fraud Department, PO Box 105969, Atlanta, GA 30353-5969. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim(s).  While in Bureau of Prisons custody, defendant shall either (1) pay at least $25 quarterly if he has a non-Unicor job or (2) pay at least 50% of his monthly earnings if he has a Unicor job.  Upon release from custody, defendant shall pay restitution at the rate of $100.00 per month.  At any time during the course of post-release supervision, the defendant, the victim or the government, may notify the Court of a material change in defendant's ability to pay, and the Court may adjust this payment schedule accordingly.**

---

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Ralph August Lohier
3:16-cr-163-J-20MCR

**The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

### Joint and Several

**Restitution shall be paid jointly and severally with co-defendant Wilbert Theodore.**

### FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Plea Agreement, that are subject to forfeiture as follows:

> (1) an Apple MacBook Pro Laptop with serial number CPWKR8NBDTY3
> (2) an MSRX6 credit re-encoder
> (3) an LG cellular phone, and
> (4) an iPhone with serial number 359233061308045

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 3:16-cr-163-J-20MCR

RALPH AUGUST LOHIER

FACTUAL BASIS

From a date unknown, but at least through March 2016, Person #1 obtained debit cards that had been re-encoded with legitimate account numbers assigned to genuine individuals. Wilbert Theodore (Theodore) and Ralph August Lohier (defendant) communicated with Person #1 in order to get debit cards illegally obtained by Person #1. After speaking to Person #1, the defendant and Theodore obtained the debit cards from Person #1. The cards were typically received from Person #1 in the south Florida area. A portion of the debit cards obtained by the defendant and Theodore from Person #1 were embossed with the defendant's first and last name on the debit cards. Another portion of the debit cards obtained by the defendant and Theodore from Person #1 were embossed with the name C.S. on the debit cards. Having the cards embossed in this manner was done in order to facilitate the defendant and Theodore committing fraud with the debit cards.

Defendant's Initials                          1

Theodore obtained a counterfeit Florida Driver's License in the name of C.S. to use in conjunction with the debit cards embossed in the name of C.S. After obtaining the cards, the defendant and Theodore would travel from south Florida to various places to include Flagler County and Orange County, Florida, using the cards. The defendant and Theodore used the debit cards to, among other things: 1) purchase and fund reloadable debit cards; 2) make purchases of merchandise; and 3) send and receive money through Western Union money transfers involving themselves and Person #2, Person #3, and Person #4.

Among other money transfers committed by the defendant, on March 7, 2016, the defendant conducted a money transfer through Western Union at a Winn-Dixie in Orange County, Florida that was captured on video. The defendant used a debit card obtained from Person #1 to fund the transfer of $600, plus a $46.00 fee. In order to conceal his criminal conduct the defendant listed the receiver as C.S. At the time the defendant used the debit card obtained from Person #1 and listed C.S. as the receiver, the defendant knew that C.S. was an actual person and that Theodore, acting as C.S. would pick up the money. By conducting this fraudulent transaction, the defendant and Theodore caused to be transmitted by wire an electronic signal from the Winn

Defendant's Initials _RL_                    2

Dixie in Orange County, Florida to data centers outside the state of Florida in order for Western Union to process the money transfer transaction.

Among money transfers committed by Theodore, on March 7, 2016, Theodore conducted a money transfer through Western Union at a Publix in Orange County, Florida that was captured on video. The defendant drove Theodore to the Publix, knowing that Theodore would use debit cards obtained from Person #1 in order for Theodore to conduct a money transfer. Theodore used five debit cards obtained from Person #1 to fund the transfer of $1200, plus a $11.00 fee. In order to conceal his criminal conduct Theodore used a counterfeit Florida Driver's License in the name of C.S. when conducting the transaction. The receiver of the money was Person #2. By conducting this fraudulent transaction, the defendant and Theodore caused to be transmitted by wire an electronic signal from the Publix in Orange County, Florida to data centers outside the state of Florida in order for Western Union to process the money transfer transaction. At the time of this fraudulent money transfer in the name of C.S. Theodore knew that C.S. was an actual person. The defendant and Theodore conducted additional fraudulent Western Union money transfers funded by the use of the debit cards that involved Person #2 and Person #3 as the recipient of the money. The

Defendant's Initials ___RL___          3

defendant and Theodore kept approximately 50% of the proceeds from their criminal activity involving the debit cards.

On March 8, 2016, Florida Highway Patrol Trooper Lemery conducted a traffic stop on I-95 in Flagler County, Florida. Trooper Lemery approached a 2016 Chrysler vehicle, driven by the defendant and the passenger was Theodore. Upon reaching the vehicle, Trooper Lemery, based on his training and experience, smelled a marijuana odor coming from inside the vehicle. After asking the defendant for a license, Trooper Lemery determined that the defendant was driving with a suspended license. Theodore and the defendant were detained for further investigation. During a pat down for officer safety of Theodore, Trooper Lemery located a counterfeit Florida Driver's License in Theodore's shirt pocket. The Florida Driver's License was in the name of C.S., but contained a picture of Theodore. The defendant and Theodore were placed in the rear seat of the Trooper's marked vehicle. While detained in the vehicle, Theodore and the defendant attempted to conceal a large quantity of re-embossed and re-encoded reloadable Visa debit cards within the rear section of the vehicle. Their conduct was recorded by the video camera within the Trooper's vehicle.

A probable cause search of the vehicle based on the odor of marijuana revealed an additional quantity of re-embossed and re-encoded reloaded Visa

Defendant's Initials _RL_                    4

debit cards in the name of the defendant and C.S. Law enforcement also recovered from the vehicle, Theodore, and the defendant: 1) an Apple laptop computer with serial # CPWKR8NBDTY3; 2) MSRX6 card re-encoder; 3) miscellaneous receipts from several retail merchants reflecting purchases of merchandise; 4) LG cellular phone; 5) IPhone with serial # 359233061308045; and 6) money transfer slips for Western Union. Follow up investigation by law enforcement determined that the defendant and Theodore possessed eighty-six re-encoded cards.

Defendant's Initials ____                5

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 NOV -9  PM 4:58

CLERK U. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.

WILBERT THEODORE
RALPH AUGUST LOHIER

CASE NO. 3:16-cr-163-J-20 MCR
Ct. 1:        18 U.S.C. § 1349
Ct. 2:        18 U.S.C. § 1028A(a)(1)
              and 2
Ct. 3:        18 U.S.C. §§ 1029(a)(3),
              (c)(1)(a)(i) and 2
Forfeiture:   18 U.S.C. § 981(a)(1)(C)
              and 28 U.S.C. § 2461(c)
              18 U.S.C. § 1029(c)(1)(C)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
## (CONSPIRACY TO COMMIT WIRE FRAUD)

### A. Introduction

At all times material to this Indictment:

1.      Publix Supermarkets Inc. (Publix) was a company that sold a variety of consumer products and provided various financial services to customers. Publix operated stories in different states to include Florida. In certain stores in Florida, Publix offered Western Union money transfer services to customers.

2.      Customers who used the Western Union money transfer service were required to present a form of identification as part of the process for completing a money transfer.

3.      Publix maintained data centers outside the state of Florida that processed purchases of consumer products and some financial services transactions made by customers.

4.      Winn-Dixie Stores, Inc. (Winn-Dixie) was a company that sold a variety of consumer products and provided various financial services to customers. Winn-Dixie operated stories in different states to include Florida. In certain stores in Florida, Winn-Dixie offered Western Union money transfer services to customers.

5.      Customers who used the Western Union money transfer service were required to present a form of identification as part of the process for completing a money transfer.

6.      Winn-Dixie maintained data centers outside the state of Florida that processed purchases of consumer products and some financial services transactions made by customers.

2

7.      Western Union is an international company that allowed customers to send money throughout the world for a fee. Western Union operated within various stories throughout Florida to include Publix and Winn-Dixie in Orange County, Florida.

8.      Western Union maintained data centers outside the state of Florida that processed all financial services transactions made by customers in Publix and Winn-Dixie stores located in Florida.

### B.   The Conspiracy

In or about March 2016, in Flagler County and Orange County, in the Middle District of Florida, and elsewhere, the defendants,

WILBERT THEODORE,
RALPH AUGUST LOHIER,

did unlawfully, knowingly, and willfully combine, conspire, confederate and agree with each other and with others both known and unknown to the grand jury, to devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud to transmit and cause to be transmitted by wire communication in interstate and foreign commerce,

certain writings, signs, signals, pictures, and sounds, in violation of Title 18 United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1349.

## C.   The Manner and Means

The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

1.     It was part of the conspiracy that Person #1 would and did obtain debit cards that had been re-encoded with legitimate account numbers assigned to individuals.

2.     It was further part of the conspiracy that WILBERT THEODORE and RALPH AUGUST LOHIER would and did communicate with Person #1 in order to get debit cards illegally obtained by Person #1.

3.     It was further part of the conspiracy that WILBERT THEODORE and RALPH AUGUST LOHIER obtained debit cards from Person #1.

4.     It was further part of the conspiracy that WILBERT THEODORE and RALPH AUGUST LOHIER obtained debit cards from Person #1 embossed with the name RAPLH LOHIER.

4

5. It was further part of the conspiracy that WILBERT THEODORE and RALPH AUGUST LOHIER obtained debit cards from Person #1 embossed with the name C.S.

6. It was part of the conspiracy that WILBERT THEODORE obtained a counterfeit Florida Drivers License in the name of C.S.

7. It was further part of the conspiracy that WILBERT THEODORE and RALPH AUGUST LOHIER used debit cards provided by Person #1 in order to send money to Person #2, Person #3, and Person #4 through Western Union wire transfers conducted at Publix or Winn-Dixie stores located in Florida.

8. It was further part of the conspiracy that RALPH AUGUST LOHIER from a Winn-Dixie store located in Florida sent money through a Western Union wire transfer that was funded through the use of debit cards obtained from Person #1 to C.S.

9. It was further part of the conspiracy that WILBERT THEODORE picked up money at a Publix store located in Florida that was sent through a Western Union wire transfer that was funded through the use of debit cards obtained from Person #1.

10.     It was further part of the conspiracy that WILBERT THEODORE, using the identity of C.S., from a Publix store located in Florida sent money through a Western Union wire transfer that was funded through the use of debit cards obtained from Person #1 to Person #2.

## COUNT TWO
## (AGGRAVATED IDENTITY THEFT)

On or about March 7, 2016, in Orange County, in the Middle District of Florida,

WILBERT THEODORE,
RALPH AUGUST LOHIER,

the defendants herein, did knowingly possess and use without lawful authority and did aid and abet in the unlawful use of, a means of identification of another person, that is, the name of another person, to wit, C.S., during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A, that is, Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of the Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

6

## COUNT THREE
## (ACCESS DEVICE FRAUD)

In or about March 2016, in Flagler County, in the Middle District of
Florida, and elsewhere, the defendants,

### WILBERT THEODORE,
### RALPH AUGUST LOHIER,

the defendants herein, did knowingly, willfully and with intent to defraud,
possessed fifteen or more devices which were counterfeit and unauthorized
access devices, that is, MasterCard and Visa debit cards re-encoded with
legitimate accounts numbers, in and affecting interstate and foreign
commerce, all in violation of Title 18, United States Code, Sections
1029(a)(3), (c)(1)(a)(i) and 2.

## FORFEITURES

1.      The allegations contained in Count One and Three of this
Indictment are hereby realleged and incorporated by reference for the purpose
of alleging forfeitures pursuant to the provisions of Title 18, United States
Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c),
Title 18, United States Code, Section 982(a)(2)(B) and title 18, United States
Code, Section 1029(c)(1)(C).

7

2.        Upon conviction of the violation of Title 18, United States Code, Section 1349, charged in Count One of this Indictment, the defendants,

WILBERT THEODORE,
RALPH AUGUST LOHIER,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.        Upon conviction of the violation of Title 18, United States Code, Section 1029, charged in Count Three of this Indictment, the defendants,

WILBERT THEODORE,
RALPH AUGUST LOHIER,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation; and, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

4.        If any of the property described above, as a result of any act or omission of the defendants:

        a.        cannot be located upon the exercise of due diligence;

        b.        has been transferred or sold to, or deposited with, a third party;

8

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be
            divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property under the provisions of Title 21, United States Code, Section 853(p),

as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
KEVIN C. FREIN
Assistant United States Attorney

By: _____
JULIE HACKENBERRY
Assistant United States Attorney
Chief, Jacksonville Division

9

FORM OBD-34
APR 1991                              No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

### THE UNITED STATES OF AMERICA

vs.

### WILBERT THEODORE
### RALPH AUGUST LOHIER

## INDICTMENT

Violations: 18 U.S.C. § 1349, 18 U.S.C. §§ 1028A(a)(1) and 2, 18 U.S.C. §§ 1029(a)(3), (c)(1)(a)(i), and 2

A true bill,

_____
Foreperson

Filed in open court this _____ day

of November, 2016.

_____
Clerk

Bail   $_____

GPO 863 525

FILED IN OPEN COURT

*1·19·17*

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:16-cr-163-J-20MCR

RALPH AUGUST LOHIER

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

A. Lee Bentley, III, United States Attorney for the Middle District of Florida,

and the defendant, RALPH AUGUST LOHIER, and the attorney for the

defendant, James Glober, Esq., mutually agree as follows:

**A.**    **Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and

Two of the Indictment. Count One charges the defendant with conspiracy to

commit wire fraud, in violation of 18 U.S.C. § 1349. Count Two charges the

defendant with aggravated identity theft, in violation of 18 U.S.C. §§

1028A(a)(1) and 2.

Defendant's Initials __RL__                    AF Approval *P4 (FSA/P3)*

2.   <u>Maximum Penalties</u>

Count One carries a maximum sentence of 20 years' imprisonment, a fine of $250,000, or both imprisonment and a fine, a term of supervised release of not more than 3 years, and a special assessment of $100. A violation of the terms of supervised release carries a maximum sentence of not more than two years' imprisonment, as well as the possibility of an additional term of supervised release. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

Count Two is punishable by a mandatory minimum term of imprisonment of two years, a fine of $250,000, or both imprisonment and a fine, a term of supervised release of not more than one year, and a special assessment of $100. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than one year of imprisonment, as well as the possibility of an additional term of supervised release. The mandatory minimum term of imprisonment must run consecutively with any other term of imprisonment imposed. With respect to certain offenses, the Court shall order the defendant to make restitution to any

Defendant's Initials  _RL_                    2

victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

With consecutive terms of imprisonment on Counts One and Two, the cumulative maximum penalty is 22 years of imprisonment which includes a mandatory minimum term of imprisonment of two years, a fine of not more than $500,000, or both a term of imprisonment and a fine, a term of supervised release of up to three years, and a special assessment of $200. A violation of the terms and conditions of supervised release carries a maximum sentence of up to 3 years of imprisonment, as well as the possibility of an additional term of supervised release.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

3.   Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

Defendant's Initials  RL                 3

The elements of Count One are:

First:    That two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the Indictment; and,

Second:    That the defendant knew the unlawful purpose of the plan and willfully joined in it.

The elements for Count Two are:

First:    That the Defendant knowingly aided and abetted the possession and use of another person's means of identification;

Second:    That the Defendant aided and abetted the possession and use of another person's means of identification without lawful authority; and

Third:    That the means of identification was possessed and used during and in relation to a felony enumerated in 18 U.S.C.§1028A, that is, conspiracy to commit wire fraud.

4.    Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Count Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).  However, the defendant understands that the conduct giving rise to the charge set forth in this count may be considered relevant conduct by the Probation Office and the Court in determining the defendant's sentence under the Sentencing Guidelines and under 18 U.S.C. § 3553.

Defendant's Initials _RL_                    4

5.     <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.     <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7.     <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not

Defendant's Initials  ᏒᏞ                5

accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Abandonment of Property

On March 8, 2016, during a traffic stop by the Florida Highway Patrol, an Apple MacBook Pro Laptop with serial number CPWKR8NBDTY3, a MSRX6 credit re-encoder, a LG cellular phone, and an iPhone with serial number 359233061308045, were seized from the 2016 Chrysler vehicle driven by the defendant. The property is currently in the custody and/or control of the

Defendant's Initials  RL          6

United States Secret Service or other appropriate agency.   The defendant hereby relinquishes all claim, title and interest he has in the laptop, re-encoder, LG cellular phone and iPhone to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the United States Secret Service, or other appropriate agency, to cause the property to be destroyed forthwith at the conclusion of the criminal case, if no claim is asserted to the property by any co-conspirator, without further obligation or duty whatsoever owing to defendant or any other person.

**B.**     **Standard Terms and Conditions**

   1.     Restitution, Special Assessment and Fine

          The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing

Defendant's Initials  RL                  7

other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _RL_          8

4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United

Defendant's Initials _RL___                    9

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.     <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials  _RL_                    10

Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

        The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to

Defendant's Initials _RL_           11

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges

Defendant's Initials _QL_                    12

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _RL_                13

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _RL_                    14

13.    <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 10th day of January, 2017.

A. LEE BENTLEY, III
United States Attorney

_____
RALPH AUGUST LOHIER
Defendant

_____
KEVIN C. FREIN
Assistant United States Attorney

_____
JAMES GLOBER, Esq.
Attorney for Defendant

_____
JULIE HACKENBERRY
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials RL                    15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO. 3:16-cr-163-J-20MCR

RALPH AUGUST LOHIER

PERSONALIZATION OF ELEMENTS

**Count One**

1.    Do you admit that in or about March 2016, in Flagler County, Orange County, in the Middle District of Florida, and elsewhere, that you, along with other individuals to include Wilbert Theodore, agreed to try to accomplish a common and unlawful plan, that is, to commit wire fraud?

2.    Do you admit that you knew the unlawful purpose of the plan and willfully joined in it?

Defendant's Initials _RL_                  1

**Count Two**

1.      On or about March 7, 2016, in Orange County, in the Middle District of Florida, did you knowingly aid and abet the possession and use of another person's means of identification, that is, the name of another person, to wit, C.S.?

2.      Do you admit that you aided and abetted the possession and use of the means of identification without lawful authority?

3.      Do you admit that the means of identification was used during and in relation to a felony enumerated in 18 U.S.C. § 1028A, that is, conspiracy to commit wire fraud?

2

Defendant's Initials __RL__